CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH L. TAYLOR, ) | |
| ) | Civil Action No. 7:13CV00536 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Deborah L. Taylor, was born on October 7, 1963, and eventually reached the tenth grade in school. Mrs. Taylor has worked as a plumber's helper. She last worked on a regular and sustained basis in 2005. On June 15, 2010, Mrs. Taylor filed an application for a period of disability and disability insurance benefits. An earlier application for such benefits had proven unsuccessful. In her second and current claim, plaintiff alleged that she became disabled for all forms of substantial gainful employment on August 5, 2009, due to fibromyalgia, depression, fatigue,

constant pain, weakness in extremities, irritable bowel syndrome, and insomnia.[1] Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Taylor met the insured status requirements of the Act through the fourth quarter of 2009, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Taylor is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment, within the meaning of the Act, at some point between August 5, 2009 and December 31, 2009. See generally, 42 U.S.C. §§ 423(a).

Mrs. Taylor's application for benefits was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 21, 2012, the Law Judge also concluded Mrs. Taylor did not become disabled at any time prior to the termination of insured status. The Law Judge found that, during the relevant period, plaintiff suffered from severe impairments, including obesity, fibromyalgia, and degenerative joint disease of the lumbar spine. Because of these conditions, the Law Judge ruled that plaintiff became disabled for her past relevant work prior to December 31, 2009. However, the Law Judge held that, during the period in which plaintiff still enjoyed insured status, Mrs. Taylor possessed residual functional capacity for a limited range of light work. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could lift and/or carry 10 pounds frequently and 20 pounds occasionally; could stand and/or walk for six hours and sit for six hours in an eight-hour workday; could occasionally climb ramps and stairs, balance, kneel, crawl, stoop, and crouch; must

---

[1] Mrs. Taylor's alleged disability onset date of August 5, 2009, corresponds to the day following the final decision of the Commissioner denying her earlier application for disability insurance benefits.

2

have avoided exposure to hazardous machinery, unprotected heights, vibrating surfaces, and climbing ladders, ropes, and scaffolds; and must have avoided excessively loud background noise.

(TR 30). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that, prior to the termination of insured status, Mrs. Taylor retained sufficient physical capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge determined that Mrs. Taylor was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Taylor has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Taylor suffers from fibromyalgia, as well as other physical and emotional manifestations generally associated with such

3

a condition. As noted by the Law Judge, prior to the termination of insured status, plaintiff also experienced obesity and degenerative joint disease of the lumbar spine.[2] While recognizing that plaintiff's treating physician and a treating rheumatologist produced findings which indicate that plaintiff was unable to work on a regular and sustained basis, the Law Judge opined that the reports of the treating physicians were not supported by appropriate clinical notations. The Law Judge cited the earlier administrative opinion on plaintiff's first application for benefits, as well as a report from a nonexamining state agency physician, in concluding that plaintiff retained sufficient functional capacity for light work activity at all relevant times prior to the termination of insured status. However, the court concludes that such reliance is misplaced. The state agency physician did not have the opportunity to examine Mrs. Taylor, as did the board certified rheumatologist, Dr. Joseph P. Lemmer. Accordingly, the court must conclude that much of the Law Judge's reasoning in denying plaintiff's application for benefits simply is not supported by substantial evidence. Given the reports of Dr. Lemmer, as well as those of the family physician, Dr. Robert Solomon, the court believes that Mrs. Taylor has met the burden of proof in establishing that she was disabled for all forms of substantial gainful employment as of the date of disability onset alleged in her second application for benefits.

The rheumatologist, Dr. Lemmer, first saw Mrs. Taylor on November 9, 2009, on referral from plaintiff's family physician, Dr. Robert Solomon. Dr. Lemmer summarized plaintiff's symptomatology as follows:

---

[2] The Law Judge determined that plaintiff's emotional problems were not severe, prior to termination of insured status. While the court does not believe that the record supports the conclusion that Mrs. Taylor's emotional difficulties were not so severe as to significantly limit her ability to perform work activities for which she was otherwise physically capable, see generally, 20 C.F.R. § 404.1521, the court finds it unnecessary to address Mrs. Taylor's emotional problems.

4

> In November 2001 after hysterectomy and cholecystectomy, she developed generalized aching in the back and the legs. Pain has been variable in severity since but progressive and now has become more persistent. Current areas of pain in decreasing order of severity include the mid back, low back, hip and leg region, lesser so the arms, feet, neck and shoulder. Pain is aggravated by activities such as housework including vacuuming, doing dishes, walking, shopping and standing for long periods. It is helped somewhat by "stretching," Tylenol, hot shower and Excedrin. There has been some puffiness in the hands and knees but no joint swelling per se. There has been stiffness of indeterminate duration involving the fingers, knees and hips. Pain is occasionally severe and now it causes nausea. Disability includes housework, kitchen work, gardening, travelling and visiting.

(TR 291). Upon clinical examination, the doctor listed the following musculoskeletal findings:

> There is moderate tenderness of the posterior cervical spine, mid bellies of both trapezius muscles, parascapular musculature, upper quadrant buttock, lateral epicondyle of the elbows, anserine bursa of the knees, and trochanteric region of the hips. All joints have a full range of motion without pain, swelling, tenderness or deformity.

(TR 292). Dr. Lemmer diagnosed generalized myalgias and arthralgias, with tender points consistent with chronic pain syndrome/fibromyalgia syndrome. (TR 292).

Mrs. Taylor continued under the care of Dr. Solomon and Dr. Lemmer. She saw Dr. Lemmer for follow-up on July 2, 2010. At that time, Dr. Lemmer considered plaintiff's fibromyalgia syndrome to be moderate and unchanged. Dr. Lemmer opined that plaintiff meets the American College of Rheumatology criteria for fibromyalgia, and that her condition can be expected to persist for at least twelve months. (TR 312). He considered his diagnosis of fibromyalgia to be consistent with plaintiff's pain, fatigue, sleep disorder, and multiple tender points. (TR 312). Dr. Lemmer reported that, because of her fibromyalgia, Mrs. Taylor would be unable to work on a sustained basis more than two hours in an eight hour work day, and that she would find it necessary to take unscheduled work breaks. (TR 313). Dr. Lemmer opined that plaintiff's physical limitations were present at the same level and intensity as of August 5, 2009. (TR 314). At the time of the

5

administrative hearing, the vocational expert testified that the work-related limitations identified by Dr. Lemmer would prevent performance of any work role in the national economy. (TR 82).

Dr. Lemmer's findings and opinion find support in the medical reports from the family physician, Dr. Solomon. As previously noted, Dr. Solomon referred Mrs. Taylor to Dr. Lemmer's care. Dr. Solomon has treated plaintiff since at least 2007. (TR 92). In a report dated May 8, 2012, Dr. Solomon related that Mrs. Taylor suffers from fibromyalgia, post-traumatic stress syndrome, and depression. He noted clinical findings including multiple trigger points, obesity, anxiety, insomnia, and depression. Because of her severe pain and related manifestations, Dr. Solomon opined that Mrs. Taylor is unable to sit, stand, and walk for more than two hours on a sustained basis in a regular work day. (TR 377). He further opined that her condition was essentially the same as of August 5, 2009. (TR 378). The vocational expert testified that the work-related limitations identified by Dr. Solomon would prevent performance of any work role. (TR 81-82).

In short, contrary to the Administrative Law Judge's observation, it appears that both of the treating physicians reported clinical findings of multiple trigger points and other manifestations consistent with a diagnosis of fibromyalgia, at least as early as August 5, 2009. Dr. Lemmer specifically concluded that Mrs. Taylor's clinical findings support a diagnosis of fibromyalgia under the criteria established by the American College of Rheumatology. Both treating physicians produced findings which the vocational expert considered to be indicative of total disability for all forms of reasonable work activity. Simply stated, in a case in which the claimant alleges disability on the basis of fibromyalgia, it is difficult to imagine what greater measure of proof the claimant could present.

6

In terms of opinion evidence, the only reports which suggest residual capacity for regular work activity were those generated by the state agency physicians. As for plaintiff's physical capacity for work, the Administrative Law Judge cited a state agency report produced by Dr. John Sadler on January 21, 2011. (TR 114-16). Unlike Dr. Lemmer and Dr. Solomon, Dr. Sadler has not treated Mrs. Taylor. There is no indication that Dr. Sadler has seen plaintiff on any occasion. His consideration of plaintiff's case was based on a review of the medical records. In reviewing the records, Dr. Sadler did not have the opportunity to consider the assessment of Dr. Solomon as to plaintiff's residual functional capacity as of August 5, 2009. Despite the fact that Dr. Sadler did not personally examine Mrs. Taylor, and despite the fact that the medical records reviewed by Dr. Sadler did not include all of those produced by the treating physician, the Administrative Law Judge determined to give "great weight" to Dr. Sadler's opinion. (TR 35). The court must conclude that this treatment of the medical record is not supported by substantial evidence.

It is well settled that, while not controlling or binding upon the Commissioner, the reports and opinions from treating physicians should be accorded greater weight in a disability evaluation than those of nonexamining physicians, unless the treating physicians' reports are bereft of any additional supporting evidence. Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992); Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir. 1986). This same principle is embodied in the governing administrative regulations. Under 20 C.F.R. § 404.1527(d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. § 404.1527(d)(2) directs that, generally, more weight should be given to opinions from treating sources, since such professionals are more likely to provide a detailed, longitudinal picture of the claimant's medical

7

impairments and limitations. Finally, under 20 C.F.R. § 404.1527(d)(5), it is noted that more weight is properly accorded to the opinion of a specialist about medical issues related to the area of speciality.

In the instant case, it is clear that Dr. Solomon qualifies as a treating physician. Moreover, Mrs. Taylor has also been treated by Dr. Lemmer, who is a board certified rheumatologist. Both physicians diagnosed fibromyalgia of disabling severity. Both physicians noted clinical findings of multiple trigger points, which suggest the presence of fibromyalgia. Both doctors opined that Mrs. Taylor is unable to work for more than about two hours at a time on a regular and sustained basis and without taking unscheduled breaks. The vocational expert testified that such limitations render plaintiff disabled for all forms of substantial gainful employment. The court concludes that Mrs. Taylor has met the burden in establishing disability for all forms of substantial gainful employment as of August 5, 2009, as alleged in her second application for benefits.

In passing, the court notes that if the Commissioner had reason to doubt the accuracy or consistency of the physical findings and opinions provided by Dr. Solomon and Dr. Lemmer, the Commissioner had full authority to require Mrs. Taylor to appear for a consultative evaluation by an independent medical specialist designated by the state agency. See 20 C.F.R. §§ 404.1517 and 404.1518. No such consultative examination was commissioned by the state disability agency, and, as it now stands, the findings and opinions as to plaintiff's inability to engage in sustained work activity are essentially undisputed by any examining or treating source. For these reasons, the court concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment. The court concludes plaintiff has met the burden in establishing that

she was disabled within the meaning of the Act as of August 5, 2009, as alleged in connection with her second application for a period of disability and disability insurance benefits.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act, judgment will be entered for plaintiff. The final decision of the Commissioner will be reversed and the case recommitted to the Commissioner for computation and award of appropriate benefits. A judgment and order in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 4th day of September, 2014.

*/s/ Glen Conrad*
Chief United States District Judge